UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEHRAZ MOHAMMAD SARFRAZ-SATTAR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:24-cv-00639-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiff Shehraz Mohammad Sarfraz-Sattar's ("Plaintiff") Motion to Remand. (ECF No. 22.) Also before the Court are Defendant Pacific Gas and Electric Company's ("Defendant") Motion to Dismiss (ECF No. 15) and Motion to Consolidate Cases. (ECF No. 28.) All motions are fully briefed. (ECF Nos. 20, 23, 24, 26, 29, 31.) For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss and Motion to Consolidate Cases as moot.

///
///
///
///

1

## I. Factual and Procedural Background

This action arises out of Defendant's alleged wage and hour violations.[1] (ECF No. 1-1 at 7–20.) From November 2012 to approximately September 2022, Plaintiff worked for Defendant as an hourly, non-exempt employee. (*Id*. at 11.) On October 16, 2023, Plaintiff filed suit against Defendant in Solano County Superior Court. (*Id*. at 7–20.) Plaintiff's Complaint asserts one claim for violation of the Private Attorneys General Act ("PAGA"), which alleges Defendant violated numerous provisions of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders and seeks civil penalties from Defendant pursuant to Labor Code §§ 2699(a) and 2699.3. (*Id.* at 18–20.) Specifically, Plaintiff's underlying allegations are broken up into nine lettered parts as follows: (A) Defendant failed to pay employees for all hours worked, including minimum wages, straight time, and overtime wages; (B) Defendant failed to provide employees with their meal period in a manner required by law; (C) Defendant failed to provide employees with rest breaks of at least ten minutes every four hours of work; (D) Defendant failed to pay employees all wages due twice per month; (E) Defendant failed to maintain accurate records of hours worked and all meal periods taken or missed by employees; (F) Defendant failed to provide all final wages owed to employees within 24 hours of their termination or 72 hours of their resignation; (G) Defendant failed to provide employees with itemized wage statements; (H) Defendant failed to indemnify employees for employment-related expenses; and (I) Defendant failed to produce required records requested by Plaintiff. (*Id.* at 11–18.)

On February 27, 2024, Defendant filed a Notice of Removal based on federal question jurisdiction, arguing § 301 of the Labor Management Relations Act ("§ 301" or "LMRA") preempts Plaintiff's claim. (ECF No. 1.) On March 5, 2024, Defendant filed a motion to dismiss. (ECF No. 15.) On March 28, 2024, Plaintiff filed a motion to remand. (ECF No. 22.) On April 30, 2024, Defendant filed a motion to consolidate. (ECF No. 28.) As will be discussed, the Court concludes this action should be remanded. Therefore, the Court only addresses Plaintiff's motion to remand and does not address Defendant's motion to dismiss or motion to consolidate.

---

[1] Plaintiff filed a related lawsuit against Defendant asserting class action claims for the same wage and hour violations. (No. 2:24-cv-00640-TLN-SCR.)

2

## II.    STANDARD OF LAW

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have federal question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 encapsulates "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (footnote omitted). "This federal common law, in turn, preempts the use of state contract law in CBA interpretation and enforcement." *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) (internal quotation marks and citation omitted). Consequently, "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in a state court" and may be properly removed to federal court under federal question jurisdiction. *Avco Corp. v. Aero Lodge No. 375, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968). Because § 301's preemptive force extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," *Lueck*, 471 U.S. at 210–11, § 301 preempts a state law claim so "inextricably intertwined" with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms. *Id.* at 213.

Nevertheless, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301." *Id.* at 211. If a state law provides rights that cannot be waived or modified by private contract, and if the rights can be enforced without resort to the express or implied terms of the contract, § 301 preemption does not apply to claims brought under that state law. *Id.* at 212 ("In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.") (footnote omitted); *Miller v. AT&T Network Sys.*, 850 F.2d 543,

3

545–46 (9th Cir. 1988).

Furthermore, a defendant cannot invoke § 301 preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA" or a "creative linkage between the subject matter of the claim and the wording of a CBA provision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc). "'[L]ook[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

The Ninth Circuit has articulated a two-pronged test for determining whether § 301 preemption applies. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted and our analysis ends there." *Id.* at 1059 (citation omitted). If the court determines, however, that the right underlying the state law claim "exists independently of the CBA" the court must proceed to the second prong and consider whether the right is nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id.* (internal quotation marks and citation omitted). "If such dependence exists, then the claim is preempted by § 301; if not, then the claim can proceed under state law." *Id.* at 1059–60.

### III. ANALYSIS

Plaintiff moves to remand on the grounds that Defendant fails to meet its burden to establish Plaintiff's PAGA action is preempted under § 301 of the LMRA. (ECF No. 22 at 6.) Plaintiff argues the wage and hour violations underlying the PAGA claim arise solely from state law, his Complaint makes no allegations regarding a CBA, and he has not conceded his PAGA claim is subject to a CBA. (*Id.* at 6–7; ECF No. 20 at 13.) Further, Plaintiff argues no interpretation of a CBA is required to resolve the claim. (ECF No. 26 at 8.)

4

In opposition,[2] Defendant contends Plaintiff was a member of the International Brotherhood of Electrical Workers, Local 1245, and his employment was governed by a CBA. (ECF No. 15 at 10.) Defendant argues Plaintiff's claim is founded directly on rights created by the CBA or substantially dependent on analysis of the CBA. (*Id.* at 13.) Defendant further argues Plaintiff's claim is preempted irrespective of whether Plaintiff's Complaint mentions the CBA. (ECF No. 24 at 5–6.)

To determine whether Plaintiff's PAGA claim is preempted,[3] the Court applies the two-prong *Burnside* test to Plaintiff's underlying claims regarding overtime wages (Part A), failure to provide meal periods (Part B), unpaid minimum wages (Part D), reimbursement of expenses (Part H), and failure to provide Plaintiff's personnel file (Part I).[4][5]

    *i.  Do the rights exist independently of the CBA?*

The Court first addresses Plaintiff's claims regarding overtime wages (Part A), failure to provide meal periods (Part B), and failure to provide Plaintiff's personnel file (Part I), which Defendant argues fall under Labor Code exemptions. The Court will then address Plaintiff's claims regarding unpaid minimum wages (Part D) and reimbursement of expenses (Part H).

Plaintiff argues his claims regarding Defendant's alleged failure to pay all hours worked,

---

[2] The legal issues presented in Plaintiff's Motion to Remand (ECF No. 22) overlap with those in Defendant's Motion to Dismiss. (ECF No. 15.) Accordingly, the Court refers to the briefing on this issue from both motions in summarizing the parties' arguments throughout its Order. (ECF Nos. 15, 20, 22, 23, 24, 26.)

[3] The parties do not dispute Plaintiff's PAGA claim is preempted under § 301 when the underlying Labor Code claims are preempted. (ECF No. 24 at 5.)

[4] The parties do not raise any unique arguments regarding Plaintiff's claims regarding Defendant's alleged failure to maintain accurate records (Part E), waiting time penalties (Part F), and inaccurate wage statements (Part G), and the parties do not dispute the claims are derivative of the aforementioned claims. (ECF No. 22 at 17; ECF No. 24 at 7.) Therefore, the Court does not specifically address Plaintiff's derivative claims.

[5] Defendant contends this Court has supplemental jurisdiction over Plaintiff's rest break claim (Part C) as it is part of the same case or controversy as Plaintiff's other claims, Part A, B, and D through I. (ECF No. 1 at 11.) However, as the Court concludes Part A, B and D through I are not preempted, the Court declines to exercise supplemental jurisdiction over Plaintiff's rest break claim (Part C).

including minimum, straight time, and overtime wages (Part A), failure to provide meal periods (Part B), and failure to provide Plaintiff's personnel file (Part I) are "solely and wholly derived from California statutes, specifically the Labor Code and Business & Professions Code." (ECF No. 22 at 13.) Plaintiff further argues "[s]uch claims that seek to vindicate a 'nonnegotiable state-law right[] . . . independent of any right established by contract" are not within the scope of § 301 of the LMRA. (*Id.* (citing *Allis Chalmers Corp.*, 471 U.S. at 213.) Plaintiff also contends the allegations regarding these claims make no reference to a CBA or its terms. (*Id.*)

Defendant argues California state law requirements for overtime compensation, meal periods, and personnel file requests do not apply to Plaintiff's claims because the claims fall under Labor Code exemptions — namely, Labor Code §§ 512(e)[6], 514[7] and 1198.5(q).[8] (ECF No. 15 at 14–18.) Therefore, Defendant argues the claims cannot arise independently from state law because state law does not apply. (*Id.*) Defendant cites to various sections of the CBA and argues the rights exist solely as a result of the CBA and are therefore, preempted under § 301. (*Id.* at 15.)

---

[6] Section 512(e) exempts employees from the meal period requirements of § 512(a) if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees; meal periods for those employees; final and binding arbitration of disputes concerning application of its meal period provisions; and premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 512(e).

[7] Section 514 exempts employees from the overtime compensation requirements if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 514.

[8] Section 1198.5(q) exempts employees from the personnel file requirements of § 1198.5(a) if: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees; a procedure for the inspection and copying of personnel records; premium wage rates for all overtime hours worked; and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. *See* Cal. Lab. Code § 1198.5(q).

6

1    In response, Plaintiff cites to a litany of case law to support the proposition that a
2 "statutory exemption under Labor Code [§§ 512(e), 514 or 1198.5(q)] does not mandate
3 preemption" and "even if a CBA satisfies the requirements for statutory exemption under [§§
4 512(e), 514 or 1198.5(q)], this alone does not mandate preemption under § 301 because [[§§
5 512(e), 514 or 1198.5(q) are] affirmative defense[s], the mere invocation of which does not
6 demonstrate that [a overtime, meal period, or personnel file] claim cannot exist outside of the
7 CBA." (ECF No. 22 at 9 (citing *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180,
8 1190–1191 (E.D. Cal. 2016); *Davalos v. A. Teichart & Son, Inc.,* No. 2:18-cv-02694-KJM-KJN,
9 2019 WL 93539, at *4 (E.D. Cal. 2019); *Stone v. Sysco Corp*., No. 16-cv-01145-DAD-JLT, 2016
10 WL 6582598, *7–8 (E.D. Cal. 2016); *Smith v. Greyhound Lines, Inc*., 1:18-cv-01354-LJO-BAM,
11 2018 WL 6593365, *6–7 (E.D. Cal. 2018); and *Bruccheri v. Aramark Uniform Services, LLC*,
12 No. 2:18-cv-00119-KJM-KJN2018 WL 5617197, *3–4 (E.D. Cal. 2018)).)

13   Several district courts have addressed the issue of whether application of Labor Code
14 exemptions render Plaintiff's claim preempted by the LMRA and have reached different
15 conclusions. In *Coria v. Recology, Inc*., 63 F. Supp. 3d 1093, 1097–100 (N.D. Cal. 2014), the
16 court found that, because §§ 512(e) and 514 applied to plaintiff's meal periods and overtime
17 claims, respectively, the rights at issue existed solely as a result of the CBA and were preempted.
18 Conversely, in *Vasserman v. Henry Mayo Newhall Memorial Hosp*., 65 F. Supp. 3d 932, 954
19 (C.D. Cal. 2014), the court held whether or not the exemption in § 514 applied affected only
20 whether the plaintiff "has alleged a claim under a statute she cannot invoke" but "does not alter
21 the substance of [the] claim." Because the plaintiff "specifically and repeatedly plead[ed]
22 violations of state law, not a violation of the CBAs or right [sic] they provide[,]" the claim was
23 not preempted. *Id*.; *see also Raphael v. Tesoro Refining & Marketing Co., LLC*., No. 2:15–cv–
24 02862–ODW (Ex), 2015 WL 3970293, *5 (C.D. Cal. 2015) ("[S]imply asserting that one ... of
25 these exemptions appl[ies] as an affirmative defense to litigation cannot suffice as the sole basis
26 for preemption and removal.") (citation omitted); *Placencia v. Amcor Packaging Distrib., Inc.*,
27 No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. 2014) ("If Plaintiff's
28 overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means

[defendant] wins .... Determining whether Plaintiff's claim fails requires interpreting state law, not the CBA.").

In *Lopez v. Sysco Corporation*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. 2016), the court adopted the reasoning of *Vasserman* as more persuasive and declined to follow *Coria*, because "[t]he *Coria* court did not address the fact that the invocation of an exemption to the Labor Code is an affirmative defense." Similarly, in *Atuatasi v. Securitas Sec. Servs. USA, Inc*., No. LA 18–cv–2786–VAP (PLAx), 2018 WL 2748259, at *3 (C.D. Cal. 2018), the court analyzed *Vasserman, Raphael*, and *Coria*, and was persuaded by the reasoning in *Vasserman* and *Raphael*. The court distinguished *Coria* because the plaintiff in that case "'appear[ed] to concede that those pre-conditions [for § 512(e)] ha[d] been met' and the court found that concession dispositive." *Id*. (quoting *Coria*, 63 F. Supp. 3d at 1097). Further, *Curtis v. Irwin Industries, Inc*., 913 F. 3d 1146, (9th Cir. 2019), relied on by Defendant, is equally distinguishable in that in *Curtis*, the plaintiff conceded the applicability of the statutory exemption under Labor Code §§ 512 and 514. *Curtis*, 913 F.3d at 1154.

The Court here is persuaded by the discussions in *Atuatasi* and *Lopez* and finds that the exemptions provide an affirmative defense that can be raised by Defendant but do not affect whether Plaintiff's claims invoke rights independent of the CBA. *Atuatas*i, 2018 WL 2748259, at *4; *Lopez*, 2016 WL 3078840, at *4. Because Plaintiff's claims are pleaded purely as violations of state law without reference to the CBA, the rights should be considered as independent of the CBA and not preempted under the first prong of the *Burnside* test.

Similarly, Plaintiff's claims regarding unpaid minimum wages (Part D) and reimbursement of expenses (Part H) are pleaded purely as violations of state law without reference to the CBA. The Court finds, as to the first prong of the *Burnside* test, the rights are also "conferred upon by virtue of state law." 491 F.3d at 1059–60.

> ii.     *Does resolution of the claims depend on interpreting the CBA?*

Turning to the second prong of the *Burnside* test, the Court must evaluate "whether the claim[s] can be resolved by 'look[ing] to' versus interpreting the CBA.... If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060 (citations omitted). Although this

1   "'look to'/'interpret' distinction" does not lend itself to clear demarcation, "when the meaning of
2   contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement
3   will be consulted in the course of state-law litigation plainly does not require the claim to be
4   extinguished." *Livadas*, 512 U.S. at 124 (citation omitted).  For example, "[a] collective-
5   bargaining agreement may ... contain information such as rate of pay ... that might be helpful in
6   determining the damages to which a worker prevailing in a state-law suit is entitled," but that
7   would not result in preemption of the claim.  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S.
8   399, 413 n.12 (1988).

9   As the party asserting § 301 preemption, Defendant bears the burden of establishing that
10  resolution of Plaintiff's claims requires interpreting the CBA.  *See Ethridge v. Harbor House*
11  *Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) ("The party invoking the removal statute bears
12  the burden of establishing federal jurisdiction.").

13  Defendant cites to various sections of the CBA and argues the "state law right is
14  substantially dependent on analysis of the CBA" as resolution of Plaintiff's claim would require
15  interpreting and applying the various CBA provisions.  (*See generally* ECF No. 15.)  The Court
16  finds the rationale articulated in *Silva v. Medic Ambulance Service, Inc.*, 846 F. App'x 592, 593
17  (9th Cir. 2021) controls here.  Even though the provisions of the CBA regarding Plaintiff's claims
18  "may be relevant," the claims are primarily a "purely factual inquiry" as to whether or not
19  Defendant complied with the Labor Code.  *See Silva,* 846 F. App'x at 593 (reversing district
20  court's order granting plaintiff's motion to remand because even though the CBA "may be
21  relevant" to whether the defendant employer required the plaintiff to remain on call during rest
22  periods, it was primarily a "purely factual inquiry" that did not depend on interpretation of the
23  CBA).  Here, Defendant does not point to any vague terms or provisions which the Court will be
24  required to evaluate.  Thus, Defendant has not shown that resolution of these claims is
25  "substantially dependent" on analysis of the CBA.  *See Burnside*, 491 F.3d at 1059–60.
26  Therefore, it appears that resolution of these claims may require application, not interpretation, of
27  the relevant CBA provisions at issue.  As previously noted, this is insufficient to invoke federal
28  jurisdiction.  *See Castillo*, 132 F. Supp. 3d at 1200–01.

In summary, Plaintiff's claims regarding overtime (Part A), meal period (Part B), personnel file (Part I), minimum wage (Part D), and expense reimbursement (Part H) are not preempted by LMRA § 301. The parties do not dispute Plaintiff's claims regarding Defendant's alleged failure to maintain accurate records (Part E), waiting time penalties (Part F), and inaccurate wage statements (Part G) are derivative of the aforementioned claims. (ECF No. 22 at 17; ECF No. 24 at 7.) Thus, Plaintiff's PAGA claim is not preempted by LMRA § 301.

Accordingly, Defendant fails to establish a basis for federal jurisdiction,[9] and the Court GRANTS Plaintiff's motion to remand.

### iii.  *Defendant's Notice of Supplemental Authority*

On January 17, 2025, Defendant filed a Notice of Supplemental Authority providing two district court opinions which it contends are relevant to the instant motion, *Clee v. Benson Industries, Inc.*, No. 2:24-cv-01529-DAD-AC, 2024 WL 4462337, *4-5 (E.D. Cal. Sep. 30, 2024) and *Shanley v. Tracy Logistics LLC*, No. 2:23-cv-02586-DC-JDP, 2024 WL 4647638, *5-6 (E.D. Cal. Oct. 30, 2024). (ECF No. 34.) The Court discusses each in turn.

In *Clee*, plaintiff filed a lawsuit under PAGA alleging defendants violated California labor laws by failing to pay overtime wages, pay minimum wages, pay meal and rest period premiums, provide accurate wage statements, pay final wages, reimburse business expenses, maintain appropriate hours and days of work, maintain accurate business records, and provide sick leave. 2024 WL 4462337 at *1. Defendants subsequently removed the action to federal court on the grounds that federal question jurisdiction existed because plaintiff's claims were preempted under § 301 of the LMRA. *Id*. Along with a motion to remand, plaintiff filed a request for judicial notice of the CBA in effect during plaintiff's employment with one defendant. *Id*. While the court declined to take judicial notice of the document because it was already filed on the court's docket, the court noted that the parties agreed plaintiff was subject to the terms of the CBA. *Id*. at

---

[9] Defendant contends this Court has supplemental jurisdiction over Plaintiff's rest break claim (Part C) as it is part of the same case or controversy as Plaintiff's other claims, Part A, B, and D through I. (ECF No. 1 at 11.) However, as the Court concludes Part A, B and D through I are not preempted, the Court declines to exercise supplemental jurisdiction over Plaintiff's rest break claim (Part C).

10

*4.

As to plaintiff's overtime claim, plaintiff did not contest that the CBA expressly provided for the wages, hours of work, and working conditions of all covered employees and the CBA provided premium wage rates for all overtime hours worked. *Id*. Instead, plaintiff argued § 514 exemption did not apply because the CBA did not provide a base rate of pay of more than 30 percent of the applicable California minimum wage to all covered employees. *Id*. Ultimately, plaintiff failed to persuade the court that the CBA failed to pay covered employees at least 130 percent of the minimum wage, and the court concluded defendants had met their burden of showing § 514 exemption applied. *Id*. The court also determined plaintiff's remaining claims arose from the same working conditions and relationship with defendants as plaintiff's overtime claim and that it had supplemental jurisdiction over the remaining claims. *Id*. at *5.

A key factor in the court's analysis in *Clee* appears to have been that plaintiff conceded he was subject to the terms of the CBA. *Id.* at *4. Indeed, the plaintiff in *Clee* requested the court take judicial notice of the CBA as part of his motion to remand. *Id.* at *1. Further, plaintiff did not contest that the CBA expressly provided for the wages, hours of work, and working conditions of all covered employees and the CBA provided premium wage rates for all overtime hours worked and instead, argued the CBA did not provide a base rate of pay of more than 30 percent of the applicable California minimum wage to all covered employees. *Id*. Thus, plaintiff conceded the applicability of the statutory exemption under § 514. As discussed above, the instant case is distinguishable because Plaintiff makes no such concession.

In *Shanley*, plaintiff filed a lawsuit under PAGA alleging defendants violated California wage and hour laws by failing to: pay minimum wages; pay overtime, vacation pay, sick leave, and meal and rest break premiums; provide sick leave and COVID-19 supplemental sick leave; provide meal breaks or authorize rest breaks; reimburse business expenses; comply with California quota laws; provide a safe and healthful workplace; timely pay wages; provide accurate wage statements; and pay all wages due upon termination. 2024 WL 4647638 at *1. Defendants subsequently removed the action to federal court on the grounds that federal question jurisdiction existed because plaintiff's claims were preempted under § 301 of the LMRA. *Id* at

11

1  *2. Ultimately, the court found defendant met its burden of showing plaintiff was covered by a
2  CBA and plaintiff's overtime claims and sick leave claims were preempted junder the LMRA
3  because the CBA met the requirements of § 514.  It appears the court adopted the reasoning of
4  *Curtis* and did not address the line of reasoning articulated in *Vasserman, Atuatasi* and *Lopez.*
5  As discussed above, the Court here is persuaded by the discussions in *Atuatasi* and *Lopez*
6  and finds that the exemptions provide an affirmative defense that can be raised by Defendant but
7  do not affect whether Plaintiff's claims invoke rights independent of the CBA.  *Atuatas*i, 2018
8  WL 2748259, at *4; *Lopez*, 2016 WL 3078840, at *4.  Accordingly, the Court finds *Clee* and
9  *Shanley* distinguishable and do not alter the Court's determination.

### IV. CONCLUSION

Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 22) and DENIES Defendant's Motion to Dismiss (ECF No. 15) and Motion to Consolidate (ECF No. 28) as moot.  The case is remanded back to Solano County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Date: February 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE